IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EUNICE J. ROPER-ALLEN          :
                               :
                               :
v.                             : Civil Action No. WMN-01-3624
                               :
NATIONAL ASSOCIATION FOR THE   :
ADVANCEMENT OF COLORED PEOPLE  :

**MEMORANDUM**

Before the Court is Defendant's Motion to Dismiss (Paper No. 24).[1] Plaintiff has not filed an opposition, and the time for having done so has long expired. Upon a review of the motion and applicable case law, this Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's motion will be granted.

This action arises out of an election dispute related to a non-paid position with Defendant, National Association for the Advancement of Colored People (NAACP), a voluntary non-profit organization. The NAACP is a membership association incorporated under the laws of the State of New York. In 1999, Plaintiff was a Region III nominee for a seat on the national Board of Directors for the NAACP. Although Plaintiff was the Region III nominee, she lost the election to another candidate for the

---

[1] Also pending before the Court are Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction (Paper No. 18), and Motion for Leave to File Second Amended Complaint (Paper No. 19). Because the Court will grant Defendant's motion to dismiss, the Court will deny Plaintiff's motions as moot.

position. In February 2001, Plaintiff filed her initial Complaint, which alleged election irregularities and sought to have the winner of the election removed from office and herself placed into office. In April 2002, Defendant notified Plaintiff that her membership was being suspended for filing litigation against Defendant without exhausting internal remedies.[2] The Suspension Notice extended Plaintiff an opportunity to request a hearing. In June 2002, Plaintiff filed a motion for a temporary restraining order and other injunctive relief and the Second Amended Complaint claiming that the suspension would harm her because she would be deprived of participating in the National Convention on July 6-12, 2002. A hearing was held, but no decision was made, because of an internal hearing by the NAACP scheduled for the next day. The parties are still awaiting a decision by the hearing panel.

As a general rule, courts will not interfere with the internal affairs of a voluntary membership organization. N.A.A.C.P. v. Golding, 342 Md. 663, 672-73 (1996); see also, Franklin v. Burham, 82 N.Y.S. 882, 884 (N.Y. 1903) ("It is the

---

[2] Defendant has a Constitution and Bylaws for Branches which govern the election process and which provide that a "member who files litigation against National NAACP or against its units without first having pursued the remedies within the framework of the Association" shall be subject to suspension, expulsion, or other disciplinary actions. Def.'s Exh. C, Branch Constitution and By-Laws, Art. X, § 2.

province of all courts constituting the civil judiciary to take cognizance only of those rights which flow from the common law, legislative enactments, political constitutions, and international treaties. The right to membership in the Masonic fraternity springs from no one of those sources. Membership therein confers no legal right of which a court of equity will take cognizance."). The NAACP has instituted its own policy concerning election challenges and membership suspension. When Plaintiff chose to join the organization, she agreed to be bound by its Constitution and By-Laws, which in this case delineate specific election rules and regulations. See Def.'s Exh. C, Branch Constitution and By-Laws, Art. X, § 2. Whether Defendant, a private organization, has appropriately implemented its own election procedure is simply not a question conferring federal jurisdiction. Accordingly, this Court will grant Defendant's motion to dismiss. A separate order consistent with this memorandum will issue.

                                                William M. Nickerson
                                                Senior United States District Judge

Dated: November 27, 2002